IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HILLARY ANN DIAMOND EVANS, as Executor of the Estate of Gregory C. Diamond and Trustee of the Gregory C. Diamond Family Living Trust, THE ESTATE OF GREGORY C. DIAMOND, and THE GREGORY C. DIAMOND FAMILY LIVING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>BETTY EILEEN DIAMOND, FEDERAL RETIREMENT THRIFT INVESTMENT BOARD, and THRIFT SAVINGS PLAN<br><br>Defendant. | **MEMORANDUM DECISION & ORDER DENYING STIPULATED MOTION TO STAY**<br><br>Consolidated Case Nos. 2:18-cv-722; 1:18-cv-98<br><br>Judge Clark Waddoups |

**Introduction**

Before the court is the Plaintiffs' and defendant Thrift Savings Plan's Stipulated Motion to Stay Plaintiffs' claims against the Federal Retirement Thrift Investment Board, (ECF No. 26). As explained below, the court DENIES the Motion.

**Procedural History**

On August 8, 2018, Hillary Ann Diamond Evans, Whitney Elizabeth Diamond Evans, Joel Curtis Diamond, and Lauren Arianne Diamond Shepherd filed a Complaint against Defendant Federal Retirement Thrift Investment Board and Defendant Thrift Savings Plan. (1:18-cv-98, ECF No. 2.) In the Complaint filed in that case, the Plaintiffs alleged that Gregory "executed a TSP-3 change of beneficiary form identifying Plaintiffs as the new beneficiaries of his TSP retirement account." (1:18-cv-98, Compl. ¶ 17, ECF No. 2 at 3.)

1

Hillary Diamond Evans, the Estate of Gregory C. Diamond, and The Gregory C. Diamond Living Family Trust filed their Second Amended Complaint against Betty on or after August 16, 2018, in the District Court of the Third Judicial District in and for Salt Lake County, State of Utah. (ECF No. 2 at 2.) On September 13, 2018, Betty filed a Notice of Removal, removing the case that Hillary Diamond Evans and others had originally filed in state court. (ECF No. 2.) This case was given case number 2:18-cv-722 and was assigned to the undersigned on that day. (ECF No. 1.) Betty filed a Motion to Dismiss on that day as well. (ECF No. 3.) On October 9, 2018, Plaintiffs filed their Opposition. (ECF No. 8.) In their Opposition, Plaintiffs provided that "[f]or purposes of this litigation, Plaintiffs do not dispute Betty is the beneficiary of the TSP retirement account." (ECF No. 8 at 11.) But Plaintiffs also provided that they "believe Gregory attempted to change his beneficiary designation to his children prior to his death, and a separate suit (Case No. 1:18-cv-00098) is pending against the TSP with respect to that issue." (ECF No. 8 at 11 n. 2.)

On December 28, 2018, the parties filed a stipulated motion to consolidate Case No. 1:18-cv-00098 into 2:18-cv-722. (*See* ECF No. 14 at 1.) On January 2, 2019, the court granted the stipulated motion. (ECF No. 15.)

On May 20, 2019, the court granted Betty's Motion to Dismiss. (ECF No. 21.) In this Order, the court noted that it was assuming that Betty was the beneficiary of the TSP retirement account "[f]or purposes of resolving" Betty's "Motion to Dismiss." (ECF No. 21 at 4.)

**Analysis**

In their Stipulated Motion, the parties imply that this court's order granting Betty's Motion to Dismiss constitutes a final decision. (*See* ECF No. 26 at 2–3 (citing *Hall v. Hall*, 138 S. Ct. 1118, 1122, 200 L. Ed. 2d 399 (2018) as "holding that when one of several cases

consolidated under Rule 42(a) is finally decided, that decision confers the immediate right to appeal on the losing party, regardless of whether any other consolidated matter remains.").) *Hall v. Hall* involved two cases that were consolidated under Rule 42(a) of the Federal Rules of Civil Procedure—the trust case and the individual case. *See Hall*, 138 S. Ct. at 1123. The two cases were "tried" "together before a jury." *Id*. In the individual case the District Court granted a new trial after the clerk entered judgment—which had the effect of reopening the judgment. In the trust case, the jury returned a verdict and the "clerk entered judgment in that case . . . ." *Id*. One of the parties filed a notice of appeal from the district court's judgment in the trust case and the opposition "moved to dismiss," "arguing that the judgment was not final and appealable because" the claims in the individual case remained unresolved. *Id*.

The Supreme Court ultimately held that "when one of several consolidated cases is **finally decided**, a disappointed litigant is free to seek review of that decision in the court of appeals." *Hall*, 138 S. Ct. at 1131 (bold added); *see also id* (""constituent cases retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party."). "A final decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id*. at 1123–24 (quoting *Ray Haluch Gravel Co. v. Central Pension Fund of Operating Engineers and Participating Employers,* 571 U.S. 177, 183, 134 S.Ct. 773, 187 L.Ed.2d 669 (2014)). In this court's view, the order granting Betty's Motion to Dismiss the Complaint is not a final decision.

In their two complaints, Plaintiffs have pleaded alternative and inconsistent version of facts. In one complaint, Hillary Diamond Evans, together with other plaintiffs, alleges that that Gregory "executed a TSP-3 change of beneficiary form identifying Plaintiffs as the new beneficiaries of his TSP retirement account." (1:18-cv-98, Compl. ¶ 17, ECF No. 2 at 3.) In

another complaint, Hillary Diamond Evans, together with other plaintiffs, provided that for purposes of that complaint, "Plaintiffs do not dispute Betty is the beneficiary of the TSP retirement account." (*See* ECF No. 8 at 11.) Federal Rules of Civil Procedure 8(d) allows a party to plead inconsistent claims based on alternative factual theories at the initial pleading stage. When the court granted Betty's Motion, it noted that it was *assuming* that Betty was the beneficiary of the TSP retirement account. In other words, it was addressing one of the Plaintiffs' two alternative theories—it was not resolving the case on the merits.

The Plaintiffs' two complaints are inextricably linked. If, in discovery, Plaintiffs learn that Betty was *not* the named beneficiary, that would moot their alternative theory—that Betty *was* the named beneficiary. So long as the Plaintiffs continue to pursue their claim that Betty was not the named beneficiary because Gregory submitted a valid change of beneficiary form, this court cannot enter judgment on the complaint originating in case number 2:18-cv-722.

## Conclusion

Plaintiffs have pleaded alternative and inconsistent version of facts. Plaintiffs' claim based on the theory that Betty was the named beneficiary would be mooted by discovery establishing that Gregory Diamond submitted a valid change of beneficiary form. Until discovery occurs, this court cannot enter a judgment as to the complaint originating in case number 2:18-cv-722. The court sees no reason to stay Plaintiffs' claims against the Federal Retirement Thrift Investment Board. The Stipulated Motion to Stay, (ECF No. 26) is DENIED.

DATED this 27th day of June, 2019.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Court Judge